# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

GLEN TROMBLEY,

                              Plaintiff,

       v.                                                 9:14-CV-998 (TJM/ATB)

RICK KIER,

                              Defendants.

GLEN TROMBLEY, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the Court a civil rights complaint, filed by pro se plaintiff Glen Trombley. (Dkt. Nos. 1). Plaintiff has also filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 2). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal without prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)-(ii).

## I.   IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in

the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action,

2

supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. <u>Complaint</u>

Plaintiff alleges that while he was an inmate, incarcerated in the "Onondaga County Department of Correction,"[1] he was assaulted by defendant Rick Kier, another inmate at the facility. (Complaint ("Compl.") at ¶ 6) (Dkt. No. 1). Plaintiff claims that defendant Kier assaulted him in a storage room while the inmates were setting up tables. There were no cameras in the room, and the Corrections Officer did not come into the room with the inmates, although "normally they do." (*Id.*) Plaintiff states that "I want to sue the jail." (*Id.*)

## III. <u>Jurisdiction</u>

### A. **Legal Standards**

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March

---

[1] It is actually unclear where plaintiff was incarcerated at the time of the incident described in the complaint. The "Onondaga County Department of Correction" is not a particular facility. The location of the incident could have been Jamesville Correctional Facility or it could have been the Onondaga County Justice Center. Both of those facilities are part of the Onondaga County Department of Correction. Because plaintiff claims that Mr. Kier is now incarcerated at Elmira Correctional Facility (a facility within the New York State Department of Correction and Community Supervision ("DOCCS"), his previous place of incarceration was likely the Onondaga County Justice Center. The exact location of the incident is not relevant to this court's ultimate finding that the complaint must be dismissed, but will become very important if plaintiff chooses to file an amended complaint.

3

1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

Plaintiff is pro se, and the court must interpret plaintiff's complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

### 1. Federal Question Jurisdiction

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has cited section 1983 as a basis for his action. To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official

4

capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

**B.    Application**

In the caption of the complaint, plaintiff has named "Rick Kier." As stated above, Mr. Kier is the inmate who allegedly assaulted plaintiff on February 6, 2014 in a storage room of the facility in which the inmates were incarcerated. Mr. Kier is a private individual, not a state actor. Plaintiff has simply alleged that Mr. Kier assaulted him. There is no allegation in the complaint that Mr. Kier was working for, or

5

conspired with, any state actors so as to create federal jurisdiction under section 1983. Thus, to the extent that plaintiff has named Mr. Kier, the complaint may be dismissed with prejudice.

## IV. Municipal Liability

### A. Legal Standards

A municipality may be named as a defendant in certain circumstances. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. A municipality may not be held liable solely because it employs a tortfeasor. *LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing inter alia *Los Angeles County, Cal. v. Humphries*, __ U.S. __, 131 S. Ct. 447, 452 (2010)), *Rep't Rec. adopted in relevant part*, 2014 WL 2506217 (E.D.N.Y. June 2, 2014). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. at 694.

To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979). Official policy includes the decisions of a government's lawmakers, the acts of policymaking officials, and practices that are so widespread as to "practically have the force of law." *Connick v. Thompson*, __ U.S. __,

131 S. Ct. 1350, 1359 (2011). Municipal liability may also be shown by establishing that a policymaking official ordered or ratified the employees' actions either expressly or tacitly. Finally, municipal liability can, under certain circumstances, be based upon a failure to properly train the municipality's employees. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989).

### B. Application

The only defendant plaintiff has listed in the caption of the complaint and in the section entitled "Parties" is Mr. Kier. However, in the "Facts" section of the complaint, plaintiff states that he "want[s] to sue the jail." (Compl. ¶ 6). The court will liberally construe plaintiff's complaint as naming the correctional facility in which he was incarcerated. Notwithstanding that the "Jail" could meet the "color of state law" requirement of section 1983, plaintiff may not sue the Jail as an entity. *See Dumont v. United States*, No. 3:13-CV-873, 2013 WL 6240468, at *9-10 (N.D.N.Y. Dec. 3, 2013) (County Jail, an administrative arm of a municipality does not exist apart from the municipality and may not be sued because it does not have its own legal identity) (citing *Leland v. Moran*, 100 F. Supp. 2d 140, 145 (N.D.N.Y. 2000); *Sullins v. Nassau County Jail Corr. Ctr.*, No. 12-CV-2632, 2012 WL 2458213, at *3 (E.D.N.Y. June 27, 2012)). Thus, to the extent that plaintiff states he wishes to sue the "Jail," his complaint may be dismissed with prejudice.

Plaintiff could have named Onondaga County as a defendant. However, even

7

assuming that the plaintiff had named Onondaga County, his current complaint would fail to state a claim. There is no indication that a county "policy" was responsible for the alleged assault on plaintiff. In fact, the facts as stated by plaintiff would indicate that "normally" officers do accompany inmates into the storage room. Thus, plaintiff may not sue the County under the facts he asserts in the complaint, and the complaint may be dismissed in its entirety, notwithstanding a very liberal interpretation by the court.

V.     **Opportunity to Amend**

    A.     **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

    B.     **Application**

As it is written, the complaint cites no plausible claim and must be dismissed. As stated above, plaintiff can not simply "sue the jail." In order to state a section 1983 claim based on the assault that occurred as plaintiff describes, he would have to allege that a defendant, acting under color of state law, failed to protect plaintiff from assault by another inmate. The defendant's personal involvement is required for the

8

assessment of damages[2] in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

Liberally construed, plaintiff could be attempting to claim that the officer failed to protect him from assault by Mr. Kier. In order to state an constitutional claim for failure to protect an inmate, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, ***and*** prison officials acted with deliberate indifference to that risk and the inmate's safety.[3] *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The plaintiff must show that prison officials ***actually knew of and disregarded*** an excessive risk of harm to the inmate's health and safety. *Id.* at 837. The defendant must be aware of the facts from which the inference can be drawn that a substantial risk of serious harm exists and the defendant must also draw that inference. *Id.*

Negligence is not sufficient to state a claim under the constitution. A correction

---

[2] Plaintiff has failed to request any form of relief in this complaint. (Compl. ¶ 8). Because plaintiff is no longer incarcerated, he may not request, nor does he appear to want, injunctive relief. Only damages are available at this time, and plaintiff should so indicate the amount of damages sought if he chooses to file an amended complaint.

[3] The court notes that it is unclear whether plaintiff was a convicted prisoner or a pretrial detainee. Convicted inmates are protected by the Eighth Amendment, while pretrial detainees are protected by the Fourteenth Amendment Due Process Clause. *See Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009). However, the standard for evaluating the deliberate indifference is the same under either section of the constitution. *Hawkins v. Nassau County Corr. Facility*, 781 F. Supp. 2d 107, 111, n.3 (E.D.N.Y. 2011). Thus, plaintiff's status as an inmate is not relevant to the court's decision. However, if plaintiff submits an amended complaint, he should clarify this issue.

officer who negligently causes an unintended injury to an inmate has not engaged in the type of wanton or malicious conduct necessary to support a constitutional claim. *Daniels v. Williams*, 474 U.S. 327 (1986) (a state official's negligent act causing unintended loss of or injury to life, liberty, or property does not support a Section 1983 claim). *See also Epps v. City of Schenectady*, 1:10-CV-1101 (MAD/CFH), 2013 WL 717915, at *6 (N.D.N.Y. Feb. 27, 2013) (negligence cannot be a basis for liability for constitutional torts).

In this case, plaintiff simply alleges that he was assaulted in a storage room by another inmate, there were no cameras in the room, and the officer did not come into the room, as he "normally" would. (Compl. ¶ 6). As currently stated, plaintiff appears to be claiming that a particular officer negligently failed to enter the storage room to supervise the inmates, and plaintiff was injured as a result. Plaintiff does not state a constitutional claim on this basis even if he had identified the particular officer who failed to come into the room.[4] However, the court will recommend dismissing the complaint without prejudice in the event that plaintiff can submit an amended complaint that satisfies the legal standards set forth herein. If the District Court approves this recommendation, and plaintiff submits a proposed amended complaint, the Clerk may be directed to forward any such amended complaint to me for further

---

[4] Plaintiff would also have to establish that the officer knew of a serious risk that plaintiff would be assaulted by Mr. Kier. Although the court must liberally construe pro se pleadings, such a reading would involve much more that plaintiff currently alleges.

review.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITH PREJUDICE** as against **DEFENDANT KIER and "THE JAIL,"** and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITHOUT PREJUDICE TO FILING A PROPOSED AMENDED COMPLAINT** which satisfies the legal standards outlined above, and it is

**RECOMMENDED**, that if the District Court approves this recommendation, plaintiff be afforded **SIXTY (60) DAYS** from the date of the District Court's order within which to file a proposed amended complaint if he chooses to do so which satisfies the legal standards stated above, and if plaintiff timely files a proposed amended complaint, it is

**ORDERED**, that the Clerk of the Court forward any such proposed amended complaint to me for further review.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 5, 2014

                                                */s/ Andrew T. Baxter*
                                                Hon. Andrew T. Baxter
                                                U.S. Magistrate Judge